**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Heaven Sent Naturals, Inc., ) | No. CV-05-03873-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Church & Dwight Company, Inc., and ) | |
| Church & Dwight Virginia Co., Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before this Court is Plaintiff's Motion for Leave to File First Amended Complaint ("Motion to Amend"), which was filed on May 1, 2006. (Doc. #22.) Defendants filed an Opposition to the Motion to Amend (Doc. # 25), and Plaintiff filed a Reply in Support of the Motion to Amend (Doc. # 32). The Court now rules on this motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The relevant factual and procedural background, for purposes of this Order, is summarized herein. In 1999, Plaintiff began advertising, distributing, and selling dietary supplements under the trademark "ELEXIA." Plaintiff's dietary supplements purport to enhance sexual health and well-being. In 2005, Defendants began advertising, distributing, and selling sexual well-being products for women under the mark "ELEXA." ELEXA is a new product line under Defendants' trademark "TROJAN" brand.

1  Defendants filed four federal trademark applications concerning ELEXA with the
2  United States Patent and Trademark Office.  In November 2005, two of Defendants'
3  applications were published for opposition.  Plaintiff subsequently filed its opposition with
4  the Trademark Trial and Appeal Board.[1]

5  On November 30, 2005, Plaintiff filed a Complaint against Defendants in the United
6  States District Court for the District of Arizona.  Plaintiff asserted claims for trademark
7  infringement, trade dress infringement and unfair competition in violation of the United
8  States Trademark Act (Lanham Act), 15 U.S.C. § 1125(a), and related state law claims.
9  Plaintiff alleged that Defendants' ELEXA-branded products threaten to overwhelm
10 Plaintiff's ELEXIA-branded products in the marketplace and create consumer confusion.[2]
11 Defendants filed an Answer and Counterclaim on December 29, 2005.  Defendants denied
12 any trademark violations and alleged that Plaintiff engaged in false advertising in violation
13 of 15 U.S.C. § 1125(a).  On January 23, 2006, Plaintiff filed an Answer to Defendants'
14 Counterclaim and denied Defendants' allegations.

15 On April 3, 2006, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a
16 scheduling conference was held wherein the Court issued a Scheduling Order.  (Doc. # 16.)
17 The Court ordered that any motion to amend the Complaint be filed no later than May 1,
18 2006, and that all discovery be completed by January 12, 2007.

---

[1] On June 5, 2006, pursuant to Plaintiff's request, the Trademark Trial and Appeal Board suspended its proceedings awaiting final determination in this civil action. (Doc. # 32, Ex. B.)

[2] In its Complaint, Plaintiff described its products as "dietary supplements for the enhancement of male and female sexual performance."  Plaintiff alleged that Defendants' ELEXA products, which include condoms, gels, and freshening cloths, "are complimentary [sic] or related to the products sold by [Plaintiff] under the ELEXIA trademark." (Doc. # 1.)

Plaintiff timely filed the currently pending Motion to Amend on May 1, 2006. Plaintiff seeks leave to omit references to Armkel, LLC,[3] and to clarify and broaden product descriptions.[4] (Doc. # 22.)

## II. LEGAL STANDARD

Plaintiff's Motion to Amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a). The decision to grant or deny a motion to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded" (quoting Fed. R. Civ. P. 15(a))). "'[A] court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). The liberal policy of granting leave to amend is "not dependent on whether the amendment will add causes of

---

[3] Plaintiff initially named Armkel, LLC as a defendant in this case; however Armkel merged into Defendant Church & Dwight Co. (Doc. # 7.) Defendants stipulate to removing Armkel as a defendant, and contend that an amended pleading is not required. (Doc. # 25.) While Defendants' contention may be correct in isolation; Plaintiff seeks leave to make further changes to the Complaint. Defendants have not stipulated to these changes; therefore, an amended pleading is required.

[4] For example, Plaintiff seeks to change its product description from "a dietary supplement for increasing sexual stamina, performance and sensitivity" to "dietary supplements containing herbal ingredients that are traditionally believed to enhance sexual health and well-being."

- 3 -

action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "Thus, a motion to make an '[a]mendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim.'" *Id.* (citing *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)).

The liberal policy in favor of amendments is subject to some limitations. The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182; *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs*, 833 F.2d at 186). Significantly, the party opposing the amendment bears the burden of showing prejudice, futility, or one of the other permissible reasons for denying a motion to amend. *See DCD Programs*, 833 F.2d at 187; *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless the opposing party makes "an affirmative showing of either prejudice or bad faith"). The crucial factor is prejudice to the opposing party. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991).

Prejudice can result where a defendant would be forced to participate in additional discovery. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (finding that the defendant would be prejudiced if the complaint were amended only five days before the close of discovery). Extending discovery can also create undue delay. *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (finding that the plaintiff sought to amend the complaint "on the eve of the discovery deadline"). Regarding futility, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir.

1991) (citations omitted). A motion for leave to amend should be denied as futile if any amendment could be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "A motion for leave to amend may be denied if it appears to be futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).

### III.   DISCUSSION

Plaintiff filed its Motion to Amend within the deadline set by the Scheduling Order, and Defendants do not allege that Plaintiff has unduly delayed in filing the proposed amendment.[5] The Court agrees that the Motion to Amend is timely; however, the Court must consider all of the aforementioned factors in determining whether to grant the Motion to Amend.[6] Defendants oppose Plaintiff's Motion to Amend on the grounds that the proposed amendment is prejudicial, in bad faith, and futile. As stated above, leave to amend is freely given unless Defendants can affirmatively show prejudice, bad faith, or futility. *See DCD Programs*, 833 F.2d at 187.

#### A.   Prejudice to Defendants

The most important factor the Court must consider in determining whether grant Plaintiff's Motion to Amend is prejudice to Defendants. *See Pend Oreille*, 926 F.2d at 1511. In their Opposition, Defendants allege that Plaintiff's Motion to Amend should be denied because the new product descriptions are prejudicial. Defendants argue that the proposed

---

[5] Further, none of the parties contend that discovery cannot be completed within the existing deadline, January 12, 2007.

[6] As this is Plaintiff's first Motion to Amend, Defendants do not allege that Plaintiff has repeatedly failed to cure deficiencies by previous amendments. Therefore, the Court finds it unnecessary to address this factor.

amendment needlessly complicates the products' attributes, and will unnecessarily increase the cost of discovery.[7]

In its Reply, Plaintiff argues that the proposed changes to the product descriptions do not change any of Plaintiff's legal theories, and does not necessitate the re-opening of discovery. Plaintiff seeks leave to amend the pleadings to include a new line of ELEXIA products that did not exist at the time the initial Complaint was filed. While the Court agrees that more discovery may be required in light of Plaintiff's new product line, discovery remains open until January 12, 2007. The Court fails to find prejudice where Plaintiff's Motion to Amend is filed well before the discovery deadline. *See, e.g., DCD Programs*, 833 F.2d at 187-88 ("Given that this case is still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled, there is no evidence that [defendant] would be prejudiced by the timing of the amendment"). Discovery remains at an early stage, and neither a trial date nor a pretrial conference has been scheduled in this action. Therefore, the contention that the amendment will prejudice Defendants lacks merit.

### B.    Bad Faith in Seeking to Leave to Amend

Defendants further oppose Plaintiff's Motion to Amend on the ground that it is brought in bad faith. Defendants allege that Plaintiff is attempting to obfuscate issues related to its products' attributes, needlessly complicate discovery, and evade responding to Defendants' discovery requests.[8] Defendants also point to the timing of Plaintiff's Motion

---

[7] Prior May 31, 2006, the date the parties agreed to exchange discovery and product samples (Doc. # 32, Ex. A), Defendants conducted a laboratory analysis of Plaintiff's products. Defendants argue if Plaintiff is permitted to amend its product descriptions, that will necessitate further discovery. The Court does not find this claim of prejudice persuasive, because Defendants elected to conduct the product tests before the stipulated date for exchanging discovery.

[8] Defendants also allege Plaintiff's Motion to Amend is an attempt to evade answering questions in the proceeding before the Trademark Trial and Appeal Board. This contention is irrelevant; the Board has suspended its proceedings pending this civil action. Moreover, the Court does not find Plaintiff's request to suspend the Board's proceedings evidence of wrongful motive or bad faith.

1 to Amend as evidence of bad faith. Plaintiff's Motion to Amend was filed after Defendants'
2 counterclaim was filed, and after Defendants' initial discovery requests were made.
3 However, the Court does not find the timing of Plaintiff's Motion to Amend evidence that
4 it is brought in bad faith as Plaintiff filed the Motion to Amend within the deadline set by the
5 Scheduling Order.

6 The Court is also not persuaded that Plaintiff is improperly broadening the scope of
7 the product descriptions.[9] Plaintiff seeks leave to amend for the purpose of "clarifying the
8 description of products at issue." (Doc. # 22.) Although the product descriptions in the
9 proposed First Amended Complaint are more generalized than the descriptions in the initial
10 Complaint, the Court does not find this evidence of bad faith. In its Reply, Plaintiff explains
11 that the product descriptions in the proposed First Amended Complaint include a new line
12 of ELEXIA products, and eliminate statements no longer found on its products' packaging.
13 The Court does not find Plaintiff is intentionally and in bad faith obscuring issues related to
14 the efficacy of its products. Defendants, therefore, have not met their burden.

15 Finally, Plaintiff contends that it responded to Defendants' discovery request on May,
16 31, 2006, and is not attempting to circumvent further discovery by filing the pending Motion
17 to Amend. As discussed above, the Motion to Amend was timely filed, and discovery
18 remains open until January 12, 2007; therefore, Defendants' argument that Plaintiff is
19 attempting to evade answering questions about its products is unavailing. For the
20 aforementioned reasons, the Court does not find sufficient evidence of bad faith to deny
21 Plaintiff's Motion to Amend.

---

[9] Defendants argue that Plaintiff must retain the product descriptions as stated in the Complaint to show that the parties' products are complementary or related, and that these descriptions are critical to Plaintiff's case. At this stage in the proceedings, Defendants' assertion regarding the relatedness of the parties' products does not provide a valid reason for denying leave to amend.

- 7 -

**C.     Futility of the Proposed Amendment**

Defendants also oppose Plaintiff's Motion to Amend on the ground that the proposed amendment is futile. Defendants argue that Plaintiff cannot amend the pleadings simply to bolster its facts.[10] Defendants further argue that the proposed amended descriptions "just re-characterize the same facts previously pled." (Doc. # 25.) In its Reply, Plaintiff states that the proposed amendment is intended to correct and clarify the product descriptions in the Complaint. Plaintiff seeks leave to amend the pleadings to conform to facts or circumstances that have occurred since the action was first instituted. As described above, it has become clear that Plaintiff's ELEXIA products are not limited to the two products identified in the Complaint. Plaintiff seeks to conform the pleadings to reflect its new products and the new product descriptions. According to the underlying purpose of Rule 15, Plaintiff may amend its pleadings to facilitate a decision on the merits. *See Eldridge*, 832 F.2d at 1135.

Defendants argue, and the Court agrees, that the re-characterization of Defendants' products in the proposed First Amended Complaint adds very little to the pleadings. However, the Court does not agree that Plaintiff's Motion to Amend should be denied as futile. Defendants do not contend that the proposed amendment could be defeated on summary judgment, or that the proposed First Amended Complaint is subject to dismissal.

---

[10] Defendants cite several cases for the proposition that a complaint cannot be amended simply to bolster the facts; however, the Court finds these cases distinguishable. The circumstances surrounding Plaintiff's Motion to Amend are remarkably dissimilar from the cited cases. *See, e.g., Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (denying leave to amend in part because the plaintiff merely sought to make a technical change that had no impact on the merits); *Kasey v. Molybdenum Corp. of Am.*, 467 F.2d 1284, 1285 (9th Cir. 1972) (denying leave to amend on the ground that the plaintiff merely sought to reassert a claim that was previously determined); *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1984) (denying leave to amend, because the amendment failed to cure defects of a claim that had already been determined on summary judgment); *Helus v. Equitable Life Assurance Soc'y of the U.S.*, 309 F. Supp. 2d 1170, 1176 (N.D. Cal. 2004) (denying leave to amend, because it was filed two years after the deadline for filing a motion to amend, and while the defendant's motion for summary judgment was pending).

1  Therefore, Defendants have not met their burden of showing Plaintiff's Motion to Amend
2  is futile. *See Gabrielson*, 785 F.2d at 766; *Saul*, 928 F.2d at 843.
3       Thus, the Court determines that Defendants have not met their burden of showing
4  either undue prejudice to Defendants, bad faith or dilatory motives on the part of Plaintiff,
5  or futility of the proposed amendment. *See Foman*, 371 U.S. at 182. For the reasons stated
6  above, Plaintiff's Motion to Amend is granted.
7       **IV.   CONCLUSION**
8       Based on the foregoing,
9       **IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint
10 (Doc. # 22) is granted;
11      **IT IS FURTHER ORDERED** that Plaintiff shall file the amended complaint
12 attached as an Exhibit to its Motion to Amend within ten days of this Order.
13      DATED this 25th day of July, 2006.

James A. Teilborg
United States District Judge

- 9 -